IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Harry L. Nelson, | ) | C/A No.: 3:14-4185-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Pacifica L. Fourteen, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Plaintiff Harry L. Nelson, proceeding pro se and in forma pauperis, brings this action concerning a state court civil foreclosure action, initiated by Pacifica L. Forteen, LLC ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

     Plaintiff's complaint concerns a civil foreclosure action and sale pending in the Court of Common Pleas in Richland County, South Carolina. [ECF No. 1-2]. Plaintiff seeks to stay the pending foreclosure proceedings, arguing that Defendant failed to comply with the statutory prerequisites to foreclosure. [ECF No. 1 at 1]. Plaintiff also alleges that he requested a loan modification and is still actively involved in the modification process. *Id.* at 3. Plaintiff asks that court to grant an injunction to prevent the foreclosure of his property. *Id.* at 4.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

1.   The Anti-Injunction Act

Plaintiff's request for injunctive relief in the form of a court order staying his foreclosure action is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which speaks to the ability of the United States courts to stay state court proceedings. The Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion). None of the exceptions to the Act is applicable in this case. Because Plaintiff seeks injunctive relief that the court cannot grant, his complaint must be summarily dismissed.

2.   The *Younger* Abstention Doctrine

To the extent Plaintiff's complaint also seeks damages, the *Younger* abstention doctrine requires the court to abstain from granting such relief. In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster,* 75 F.3d 881, 903 (4th Cir. 1996). The Supreme Court has extended the *Younger* doctrine to also apply to "'noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. Va.,*

3

396 F.3d 348, 351 (4th Cir. 2005) (quoting *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). From *Younger* and its progeny, the United States Supreme Court has established that abstention is appropriate where: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n,* 457 U.S. at 432)).

Applying these factors to this case, abstention is appropriate. First, the subject foreclosure action was commenced on August 29, 2011, and therefore has been pending for over three years when Plaintiff commenced this action.[1] Second, the courts in this district have recognized that "there is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state." *Dennis v. HSBC Mortg. Services., Inc*., No. 0:10-2693-MJP-PJG, 2011 WL 3876919, at *3 (D.S.C. Aug. 11, 2011) (citing *Shaffer v. Heitner,* 433 U.S. 186, 207–208, (1977) (recognizing a "state's strong interest in assuring the marketability of property within its borders and in providing the resolution of disputes about possession of that property")). Finally, Plaintiff has an opportunity to raise federal claims related to the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act referenced in his complaint in the state

---

[1] http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40003&Casenum=2011CP4005695&CaseType=V.  A court may take judicial notice of factual information located in postings on government websites.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record").

4

court proceeding. The *Younger* abstention doctrine compels the court to abstain from exercising jurisdiction over Plaintiff's claims. The undersigned recommends that Plaintiff's complaint be summarily dismissed.[2]

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

October 31, 2014                             Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Plaintiff's complaint is titled, in part, as an appeal from the Court of Common Pleas, Richland County. To the extent Plaintiff seeks to appeal an unfavorable state court decision, this court is without jurisdiction to hear such a claim. *See* 28 U.S.C. § 1257; *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) (holding a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).