**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Henry L. Nelson, | ) | Civil Action No. 3:14-4185-MBS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Pacifica L. Fourteen, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I. FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff Henry L. Nelson ("Plaintiff") brings this action seeking injunctive relief concerning a state court civil foreclosure action instituted by Defendant Pacifica L. Fourteen, L.L.C. ECF No. 1. Plaintiff argues that Defendant failed to comply with statutory prerequisites to foreclosure set forth in the Real Estate Settlement Procedures Act, 12 U.S.C. 1601 *et seq.* (2012), and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (2012). This matter is before the court on the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges. ECF No. 9. The Magistrate Judge filed a Report and Recommendation on October 31, 2014, recommending that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (2012). ECF No. 9. The Magistrate Judge concluded that injunctive relief is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283 (2012). ECF No. 9 at 3. The Magistrate Judge also concluded that, to the extent Plaintiff sought monetary damages, his complaint was barred by the *Younger* abstention doctrine. ECF No. 9 at 3-6 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Plaintiff objected to these recommendations on November 17, 2014. ECF No. 11.

1

## II. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976).  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been made.  The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's Report and Recommendation.  *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1) (2012).

## III. DISCUSSION

The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  In his objections, Plaintiff argues that the first listed exception to the Anti-Injunction Act applies because the Real Estate Settlement Procedures Act, 12 U.S.C. 1601 *et seq.* (2012), and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (2012), create "a federal right or remedy" and can "be given [their] intended scope only by the stay of a state court proceeding."  ECF No. 11 at 3.

The statutes, however, neither contain reference to the Anti-Injunction Act, 28 U.S.C. § 2283, nor expressly authorize injunctions against state-court proceedings.  Although "such language need not invariably be present in order for a statute to come within the 'expressly authorized'

3:14-cv-04185-MBS    Date Filed 12/09/14    Entry Number 12    Page 3 of 4

exception," *see Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 633 (1977), the private causes of

action for damages created in the two statutes cited by Plaintiff are not "uniquely federal" rights or

remedies.  *See id*. at 632 ("The private action for damages conferred . . . is a 'uniquely federal right

or remedy,' in that actions based upon it may be brought *only* in the federal courts.") (emphasis

added).  Actions based upon the Real Estate Settlement Procedures Act and the Fair Debt Collection

Practices Act may be brought not only in the federal courts but also in "any other court of competent

jurisdiction."  12 U.S.C. § 2614; 15 U.S.C. § 1692K.  The court finds, therefore, that none of the

exceptions in § 2283 applies and that an injunction against state-court proceedings in this case is

prohibited by the Anti-Injunction Act.  28 U.S.C. § 2283.

Plaintiff also objects to the Magistrate Judge's application of the *Younger* abstention

doctrine.  *See* ECF Nos. 1 (complaint), 9 at 3-6 (Report and Recommendation discussing the

*Younger* abstention doctrine), 11 at 3 (Plaintiff's objections to the application of the *Younger*

abstention doctrine to his case).  Abstention is appropriate where (1) there is an ongoing state

judicial proceeding, (2) where the proceeding implicates important state interests, and (3) where

there is an adequate opportunity in the state proceedings to raise constitutional challenges.

*Middlesex Cnty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 433 (1982).  Plaintiff did

not direct the court to any specific error in the Magistrate Judge's analysis of these factors.  *See* ECF

No. 11 at 3.  The court concludes that there is an ongoing state proceeding, that there is a "strong"

state interest in "providing the resolution of disputes" relating to property within its borders, *see*

*Shaffer v. Heitner*, 433 U.S. 186, 208 (1977),  and, as noted above, Plaintiff has the opportunity to

raise federal claims related to the Real Estate Settlement Procedures Act and the Fair Debt

Collection Practices Act in the state proceedings.  Plaintiff's objection to the Magistrate Judge's

application of the *Younger* abstention doctrine lacks merit.

## IV. CONCLUSION

After a review of the record and the applicable law, the court adopts the Report and

Recommendation and summarily **dismisses** Plaintiff's complaint (ECF No. 1) pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i),(ii).

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, S.C.
December 9, 2014

4